UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| STEVEN JASON WILDMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIA LOPEZ,<br><br>　　　　　Defendant. | Case No. 8:22-cv-01652-MEMF-JDE<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED UNDER HECK v. HUMPHREY |

## I.
## INTRODUCTION

On September 7, 2022, Steven Jason Wildman ("Plaintiff"), proceeding pro se and seeking leave to proceed in forma pauperis ("IFP"), filed a civil rights Complaint for damages under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983") against Santa Ana Police Officer Maria Lopez. Dkt. 1. On September 27, 2022, Plaintiff filed the operative First Amended Complaint from Plaintiff. Dkt. 5 ("FAC").

As Plaintiff is seeking leave to proceed in forma pauperis, or, if his request is granted, will be so proceeding, under 28 U.S.C. § 1915(e)(2), the Court must review the FAC "at any time" to determine whether the action is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. As the claims asserted in the FAC appear to be foreclosed by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the FAC appears to be subject to dismissal.

## II.
## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges Officer Lopez, a Public Information Officer for the Santa Ana Police Department, violated Plaintiff's Fourth and Fourteenth Amendment rights by arresting him on October 9, 2013 "for a crime [he] did NOT COMMIT." FAC at 4, 6 (CM/ECF pagination). Plaintiff claims he was "harassed by Officer Lopez for more than a year." Id. at 4. Officer Lopez patrolled the Civic Center area, "which at the time was filled with HOMELESS. [Plaintiff] was HOMELESS from January 2011-October 9, 2013." Id. Plaintiff allegedly became "bitter ENEMIES" with Officer Lopez. Id. Plaintiff alleges Officer Lopez "got so tired of dealing" with him that she "ORCHESTRATED [his] FALSE ARREST." Id. Plaintiff accuses Officer Lopez "of setting up a CONSPIRACY against" him. Id. Plaintiff claims Officer Lopez filed the police reports and testified against him at his preliminary hearing. Id. Plaintiff seeks $25,000,000. FAC at 8. Plaintiff avers that "Officer Lopez used her power as a police officer to send an INNOCENT person to PRISON" for seven years. Id. at 4, 6.

## III.
## STANDARD OF REVIEW

As noted, under 28 U.S.C. § 1915(e)(2), the Court must review the FAC to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint may fail to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a

cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Pleadings by pro se plaintiffs are reviewed liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When reviewing a complaint to determine whether it states a viable claim, the court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8"). Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Though Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation omitted); see also Iqbal, 556 U.S. at 678 (Rule 8 standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (holding even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"); Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is plausible when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Id. Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not show "that the pleader is entitled to relief," and thus are insufficient to state a claim that is "plausible on its face." Id. at 678-79 (citations omitted). "Taken together, Iqbal and Twombly require well-pleaded facts, not legal conclusions . . . that 'plausibly give rise to an entitlement to relief' . . . . The plausibility of a pleading thus derives from its well-pleaded factual allegations." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting Iqbal, 556 U.S. at 679).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. See, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

///

## IV.

## DISCUSSION

Plaintiff's claims appear foreclosed by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Under the "favorable termination" rule of Heck, a Section 1983 action cannot proceed "no matter the relief sought (damages or equitable relief)" if "success in that action would necessarily demonstrate the invalidity of confinement or its duration," and the challenged conviction or sentence has not been invalidated. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); see also Edwards v. Balisok, 520 U.S. 641, 648 (1997); Osborne v. Dist. Attorney's Office for the Third Judicial Dist., 423 F.3d 1050, 1053 (9th Cir. 2005).

Here, Plaintiff seeks to recover for his allegedly wrongful arrest, prosecution, and apparent conviction resulting in a seven-year prison sentence, allegedly caused by Defendant Lopez's false arrest, fabrication of an arrest report, conspiracy, and false testimony. Success on Plaintiff's claims would "necessarily imply the invalidity" of Plaintiff's conviction, but the FAC does not allege that the conviction has been invalidated. Wilkinson, 544 U.S. at 81; Heck, 512 U.S. at 486; Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred claims of wrongful arrest, malicious prosecution, and conspiracy to bring false charges); France v. Dewey, 2018 WL 6079232, *2 (N.D. Cal. Nov. 21, 2018) ("The Ninth Circuit has held that Heck generally bars claims challenging the validity of an arrest, prosecution or conviction."); See FAC at 4. As such, the FAC appears to be barred by Heck.[1]

/ / /

---

[1] It also appears, at least facially, that the FAC's claims, based upon alleged conduct resulting in his false arrest/wrongful conviction that occurred at least seven years ago, may also be untimely under the operative statute of limitations. However, the Court makes no finding on the issue at this time and Plaintiff is not required to show cause as to the timeliness of his claims in response to this Order.

## V.
## CONCLUSION AND ORDER

Plaintiff is ORDERED to, within 21 days from the date of this Order, show cause, in writing, why this action should not be dismissed for the reasons set forth above. In particular, if Plaintiff alleges that the conviction referenced in the FAC has been declared invalid by a court, he should provide proof of such court order or finding.

Plaintiff is cautioned that a failure to comply with this Order could result in the action being dismissed for the foregoing reasons and for failure to prosecute and/or comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: October 3, 2022

_____
JOHN D. EARLY
United States Magistrate Judge